UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROSHAUN REID, | Case No. 1:19-cv-00549-JDP |
| Petitioner, | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS THAT COURT DENY FRIVOLOUS PETITION FOR WRIT OF MANDAMUS |
| JAY CLAYTON, | |
| Respondent. | ECF No. 1 |
| | OBJECTIONS DUE IN 14 DAYS |

Petitioner Kenneth Roshaun Reid, a federal prisoner without counsel, seeks a writ of mandamus under 28 U.S.C. § 1361. ECF No. 1. He seeks to compel the Commissioner of the United States Securities and Exchange Commission to collect payments for various bonds and their interests allegedly owed to him. *See generally id*. He says the SEC must pay him in the amount of ten million dollars and send him a check to an address in New York—not his prison address. *See id*. at 3. Claimant provides no valid reason why the court should issue such a writ. It would surprise us if petitioner, who has been convicted of murder in connection with drug trafficking,[1] has accumulated and retained such wealth. It would also surprise us if his precise monetary entitlement—including interest—were to amount to an even ten million dollars. We are

---
[1] *See generally Reid v. Kizziah*, No. 7:18-cv-16, 2018 WL 3213616, at *1 (E.D. Ky. June 29, 2018).

1

satisfied that the petition is frivolous. *See* Fed. R. Civ. P. 11(b); *In re Reid*, 719 F. App'x 281 (4th Cir. 2018), *cert. denied sub nom. Reid v. U.S. Dist. Court for Dist. of S.C.*, 139 S. Ct. 314 (2018), *reh'g denied*, 139 S. Ct. 870 (2019) (explaining to the same petitioner that "mandamus relief is available only when the petitioner has a clear right to the relief sought"). Even if we are mistaken as to his financial circumstances, the petition still warrants dismissal because petitioner does not explain whether he has attempted to collect the payments on his own or why he cannot do so without resorting to a writ of mandamus, an extraordinary remedy of last resort. *See In re Orange, S.A.*, 818 F.3d 956, 963 (9th Cir. 2016) (noting that the "foremost prerequisite" to a writ of mandamus, is that the party seeking the writ has "no other adequate means to attain the relief he desires"). The petition should be denied.

We end by warning petitioner against filing frivolous submissions. "A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice." *Barsten v. Dep't of Interior*, 896 F.2d 422, 423 (9th Cir. 1990). The court may sanction petitioner if he continues to pursue frivolous arguments.

**I.    Order**

The clerk of court is directed to assign this case to a U.S. District Court Judge who will review these findings and recommendations.

**II.   Findings and Recommendations**

We recommend that the court deny the petition for a writ of mandamus. ECF No. 1.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: May 6, 2019

/s/ Jeremy Peterson
UNITED STATES MAGISTRATE JUDGE

No. 202